Spear, O. J.
Section one of the act contains the provisions which are assailed as beyond the power of the general assembly to enact. It is there provided that: ‘ ‘ The right to succeed to or inherit property within the jurisdiction of this state, and any interest therein, whether belonging to inhabitants of this state or not, and whether tangible or intangible, including annuities, which shall pass by will or by the inheritance laws of this state, or by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor, to the use of the father, mother, husband, wife, brother, sister, niece, nephew, lineal descendant, adopted child, or person recognized as an adopted child and made a legal heir under the provisions of section 4182 of the Revised Statutes of Ohio, or the lineal descendant thereof, the lineal descendant of any adopted child, the wife or widow of a son, the husband of a daughter of a decedent, or to any one in trust for such person or persons, shall be taxed as follows, to-wit: Upon the value of the property exceeding three thousand dollars, succeeded to or inherited by any. person, two per centum on such excess; such tax to be borne by the person so succeeding to or inheriting the same in the manner herein provided. And all administrators, executors and trustees, shall be liable for all such taxes, with interest, as hereinafter provided, until *248 the same shall have been fully paid. Such taxes shall become due and payable immediately upon the death of the decedent, and shall at once become a lien upon said property. ’ ’
In brief the objection to the act is:
That if there be power in the general assembly to-impose a tax on inheritances, or if this inquiry is foreclosed by previous decisions of the court, still the attempt to impose a tax upon the right to succeed to or inherit property to the extent of two per cent, upon the value of such property in excess of three thousand dollars so succeeded to or inherited by any one person, is the placing of an unequal burden upon those who inherit, or succeed in excess of three thousand dollars, and is therefore in violation of section two article twelve of the constitution,, which requires uniformity and equality in the imposition of the burdens of taxation.
We are relieved of any extended inquiry with respect to the question of the power of the general assembly to impose an inheritance tax. It was held in The State ex rel. v. Ferris, 53 Ohio St., 314, that a tax on inheritances is an excise tax; that is, it is a tax on the right to receive property as distinct from a tax on the property itself, and this right to tax is within the power of the general assembly, which body may regulate the privilege and lay such burdens thereon as it may see fit within the provisions of the constitution, and that such imposition is not in conflict with the first section of the bill of rights. The act in question in that case was held unconstitutional because it undertook to exempt from taxation the right to succeed to estates not exceeding-twenty thousand dollars in value while taxing the whole right of succeeding to estates which exceed *249 that sum in value, and also because it sought to tax at a higher rate per centum the right to succeed to-estates of larger value than to estates of smaller value. The act in question in Hagerty v. The State, 55 Ohio St., 613, laid a tax upon collateral inheritances, making provision for exemptions in the amount, of two hundred dollars, and was assailed because it discriminated among collateral kindred, the tax being imposed upon the value of the property received by some and not upon that received by others. It was sustained on the ground that the-power exercised is legislative, being vested by the first section of the second article of the constitution, which provides that the legislative power of the-state shall be vested in the general assembly; that, the right to receive property by inheritance is not guaranteed by the constitution; neither does that, instrument prescribe any limitation upon the power of the general assembly to designate the persons who may thus receive, and the discrimination is based upon and justified by the fact that there are degrees in collateral kinship. The ground upon which the power .to levy such taxes rests is stated in Magoun v. Illinois Trust & Savings Bank, 170 U. S., 283, thus: “They (the cases cited) are based on two principles :• •1. An inheritance tax is not' one on property, but. one on the succession. 2. The right to take property by devise or descent is a creature of the law, and not a natural right — a privilege, and therefore the authority which confers it may impose conditions, upon it. Upon these principles it is deduced that the states may tax the privilege, discriminate between relatives, and between these and strangers, and grant exemptions; and are not precluded from this power by the provisions of the respective state. *250 •constitutions requiring uniformity and equality in taxation.”
So that the only remaining question relates to the matter of exemptions. The specific complaint is that this act does not prescribe or preserve the rule ■of equality and uniformity of burden in taxation prescribed by the constitution in that it exempts from its operation all inheritances which do not exceed three thousand dollars in value and imposes the burden on such as are above that sum. We think there are two answers to this objection. The person who inherits six thousand dollars has three thousand exempt; the person who inherits three thousand dollars has three thousand dollars exempt. They are •on a perfect equality in that regard. The same reasoning applies where it happens that the smaller inheritance falls below three thousand dollars. As well might it he urged that the law which exempts from execution homesteads of the heads of families of one thousand dollars in value is invalid on the ground of inequality of privilege because one debtor’s homestead may not reach one thousand ■dollars in value while that of another may. It is to he borne in mind that the act does not create a •classification of persons for the purpose of imposing a tax on that class. It is not a tax on persons at all. If it is felt more by some than by others this is owing merely to the fact of the differing circumstances which surround the different persons. No person, nor no set of persons, is selected arbitrarily • or otherwise for the imposition of burdens or for relieving of burdens. But beyond this, when it is •determined, as it was determined in the Ferris case supra, that the tax is an excise tax, and as in the .Hagerty case supra, that the authority to impose *251 the tax is conferred by the general grant of legislative power, then the selection of the subjects on which the tax will be imposed must be within the legislative competency. Those inheritances which do not exceed three thousand dollars in value are not embraced in the class included within the purview of the law, and unless it can be shown that such ^exclusion results in a violation of the rights of those who are included, or that such discrimination is forbidden by some provision of the constitution, the discrimination referred to is not unlawful. We think it cannot be so shown. To say that the mere fact of inclusion in the one case and exclusion in the other constitutes a reason for holding the law invalid is to say that no excise tax can be lawfully laid upon any privilege until all privileges on which it would be possible to lay such tax have been included within its terms. If this proposition were established it is difficult to see why it would not invalidate all the excise laws of the state, many of which have been subjected to judicial scrutiny and have been sustained.
It is insisted further that section two of article twelve of the constitution is a limitation upon the general power of taxation granted to the general assembly by section one of article two, and hence the amount exempted by any act must not exceed the sum therein named, viz.: two hundred dollars. This seems to have been the view of the learned judge who reported the Ferris ease. He was of the opinion that: “The constitution must be regarded as consistent with itself throughout, and as section two of article twelve permits an exemption from taxation of personal property not exceeding two hundred dollars, a construction of section two of the bill of *252 rights is thereby evinced to the effect that in taxation of subjects other than property, an exemption up to two hundred dollars in value would be regarded as for the equal protection and benefit of the people.” This conclusion was, however, not assented to by a majority of the court at that time and is not assented to by the majority now. With due respect it is submitted that section two of article twelve treats wholly and only of taxation of property. Its very terms not only imply this but make it clear. We have gotten in our inquiry here away from the question of taxation of property and are treating only of an excise tax, which is not upon property. It is, we think, unreasonable to assume that the framers of the constitution would have omitted to place in that instrument a clear limitation upon the right'to impose an excise tax had they intended that such limitation should obtain. As held in Baker v. The City of Cincinnati, 11 Ohio St., 534: “An express direction to impose a tax on all property by uniform rule does not necessarily exclude taxation upon that which is not property, or cover the whole ground included within the limits of the taxing power. ’ ’ As distinctly pointed out by Grholson, J., in the above case, the provision of section one, article two “is not that the legislative power, as conferred in the constitution, shall be vested in the general assembly, but that the legislative power of this state shall be vested. That includes all legislative power which the object and purposes of the state government may require, and we must look to other provisions of the constitution to see how far, and to what extent, legislative discretion is qualified or restricted. Hence the difference between the constitution of the United States and a state constitution such as ours. *253 In the former, we look to see if a power is expressly given; in the latter to see if it is denied or limited. The power of taxation is included in the legislative power. In our former constitution it was limited ■ in one particular, the prohibition of a poll-tax. In the present, it is regulated or limited in other particulars. Section two of article twelve is not a grant of power, but a regulation of a power already granted in the first section of the second article. The expression is, ‘laws shall be passed,’ not that the ‘general assembly shall have power to pass.’ So of every provision in the twelfth article, they either prohibit or regulate the exercise of the power of taxation in specific instances.” The conclusion above stated receives added force by recurrence to the preceding section of the present constitution by which the levying of a poll-tax is distinctly inhibited. Expressio unius est exclusio alterius. We are of opinion that an excise tax which operates uniformly throughout the state and applies equally to all the subjects embraced within its terms cannot be said to deprive any one of the equal protection of the law, or in any manner to violate the bill of rights, or any section of the constitution.
The proposition that section two of article twelve of the constitution furnishes the governing principle for all taxation for general revenue, so strenuously insisted upon by counsel for the relator, has support in the language of the opinions in several of the early cases giving construction to our present constitution, and it is further true that the language of some of the later cases appears to imply consent to the proposition, but a careful examination of the cases will show that in most instances the support is more apparent than real because of the fact that in *254 each, case the subject of inquiry was the taxation of property. Of the former class are Hill v. Higdon, 5 Ohio St., 243, and Zanesville v. Richards, same volume 589; and of the latter is Wasson v. Commissioners, 49 Ohio St., 622. Had the words “upon property” been inserted in the proper connection, as perhaps abundant caution would have suggested, no confusion would have resulted from these cases.. But, giving proper effect to the rules to be observed in the study of cases, the report in each case should, be held to be restricted to the precise subject before the court, viz.: the taxation of property. So understood, no one of these cases is authority for the proposition. We do not overlook The State v. Hipp, 38 Ohio St., 199, where it is held by Okey, O. J.: “ Such tax cannot be imposed merely for general revenue,. for the only mode of raising such revenue, whether for state, county, township or municipal corporation purposes, is found in the twelfth article of the constitution.” If this declaration has application to a. tax like the one under consideration, and we presume it was so intended, then a sufficient answer is found in the first paragraph of the syllabus in the Ferris case, viz.: “Funds raised by taxation of franchises, rights and privileges, may be applied to purposes of general revenue, or any other purpose' authorized by statute,” and no further comment, is. needed.
On the whole case we reach the following conclusions :
1. The power to impose taxes is a legislative power, and is vested in the general assembly by section one of article two of the constitution.
2. Section two of article twelve is a limitation upon the taxing power so far as the same applies to *255 taxation of property, both as to the method of taxation and the character and amount of property which may be lawfully exempted from taxation, and. furnishes the governing principle for all laws, authorizing taxes for general revenue upon property. But this section has no application to taxes, known as excise taxes.
3. The act of April 25, 1904, entitled “An act to-impose a tax upon the right to succeed to or inherit, property,” being a tax not upon property but upon, the right to inherit or succeed to property, the power to enact the same is not affected by the limitations, of section two of article twelve of the constitution. Such right is derived from and regulated by municipal law; it arises from the relation of the individual to the state, and is not an inherent or constitutional right. It follows that in assessing a. tax upon such right or privilege, the state may lawfully measure or fix the amount of the tax by referring to the value of the property, passing, and is. not precluded from this power by the provision of the constitution requiring uniformity and equality of taxation.
4. An excise tax which operates uniformly throughout the state, and bears equally upon all persons standing in the same category, does not deprive-any of the equal protection of the laws.
5. The act of April 25,1904, is not in conflict with the constitution or bill of rights because of- the exemption therein contained, and is a valid law.
It has been suggested that the court is without, authority to pass on the constitutional question because quo warranto is not the proper remedy under the facts stated in the petition. We think the observation lacks force. If it be true that relief could not. *256 “be granted relator in ease the act should be held invalid because he had chosen the wrong form of action — and we do not pass upon that question — still ■that fact but affords another reason for sustaining the demurrer since the court has full original jurisdiction in quo warranto, and therefore jurisdiction to entertain and act upon the petition.
Authorities supporting our conclusion are abundant. We do not cumber the record with numerous ■citations because they are fully given in the able and exhaustive briefs of counsel, to which reference is here made.
Finding as we do that the act is constitutional the demurrer will be sustained and the petition dismissed.

Judgment accordingly.

Shatjok, Crew and Summers, JJ., concur.